[No. 5746.]

## STUBBS ET AL. v. MONTEZUMA LUMBER Co.

1. **Equity—Accounting**—Where a trial involves the examination of a long and complicated account, the trial court should state the account in detail, showing the disposition of each item. —(221)

2. **Appeals—Practice**—The complaining party has the burden of showing affirmatively that some error to his prejudice intervened below.—(221)

3. **Questions Reviewed**—Judgment given as a result of the examination of a long account will not be reviewed where the record fails to show what items were allowed and included in the judgment, and what were rejected.—(221)

4. **Presumptions to Support Judgment**—It will not be assumed that the court did not give effect to competent and relevant evidence.—(221)

*Appeal from. La Plata District Court*—Hon.
James L. Russell, Judge.

Messrs. Wilson & McCloskey, for appellant.

Messrs. Ritter & Buchanan, for appellee.

Mr. Justice Campbell delivered the opinion of
the court:

Plaintiffs sued defendant corporation to recover
for the balance alleged to be due on an account for
goods sold and delivered by them to it. The defend-
ant answered, denying the indebtedness alleged, and
by way of counter-claim, sought to recover judgment
against plaintiffs for damages for a breach of con-
tract as to certain specified items. This contract was
made by defendant with another corporation which,
it is admitted for the purposes of this case, is legally
the same as plaintiffs, they being the real parties in
interest. Thereby plaintiffs agreed, for a consider-
ation and upon terms therein stated, to sell and de-
liver to defendant certain described personal prop-
erty. This contract contained a promise which, as
interpreted by both parties, authorized K. Van Ant-
werp to prepare a statement of account between the
parties for certain lumber to be shipped in the busi-
ness of the defendant, which, when made, is to be
binding upon them. The counter-claim being trav-
ersed by plaintiffs, trial was to the court, which
found the issues in favor of defendant, and entered
judgment in its favor for a part of the demand under
its counter-claim.

Upon this review plaintiffs say that the court
erred in allowing to defendant certain of the items
included in the counter-claim, in admitting and re-
jecting evidence, and declined to give effect to that
part of the contract which constituted Van Antwerp
the agent of both parties in preparing the statement

of account. It may be, as plaintiffs say, that the judgment of the trial court is wrong, but, if so, relief cannot be given upon this review. The court did not state the long and complicated account between the parties, and no request therefor was made by either of them. Upon a trial of such issues, whether the hearing is before the court or a referee, the account should be stated so that, if the judgment rendered thereon is to be reviewed, the appellate court may have a basis for intelligent action. It is wholly impossible to say what credits were given to plaintiffs on their account against defendant, or what items of defendant's claim against plaintiffs were allowed. For aught that appears to the contrary, the very items of defendant's claim against plaintiffs, which the latter say were not established by the evidence, were disallowed by the court, and all their own items against defendant were allowed. There is sufficient legal evidence in the record to sustain the findings, and the burden, which is always upon a dissatisfied party to show affirmatively that some prejudicial error was committed against him, has not been discharged by appellants on this appeal.

As to the alleged refusal of the court to give effect to the contract between the parties as to the statement of account, it is to be observed, first, that the court might have found from the evidence that no such statement as the contract contemplated was prepared or furnished by Van Antwerp, and that the failure in this respect was plaintiff's fault. Moreover, if the purported statement of Van Antwerp, which was introduced in evidence, was properly admitted, there is nothing to show that the court did not give full effect to it, after making certain corrections therein which plaintiffs concede should be made. This is one of those cases in which the evidence is conflicting and where, even if an injustice

has been done, an appellate court will not, and satisfactorily to itself cannot, go through a complicated record and state an account between the parties which is not stated below, and thereupon ascertain upon which side the balance falls.

Judgment is affirmed.                    *Affirmed.*

Chief Justice Steele and Mr. Justice Gabbert concur.